# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY RIOS, | 1:10-CV-01311 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| J. HARTLEY, Warden, | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation for his 1990 conviction of second degree murder. He is serving a sentence of fifteen years to life.

Petitioner filed the instant petition for writ of habeas corpus on July 22, 2010. Petitioner alleges a retroactive change in the law caused by the implementation of California's Proposition 9 on November 4, 2008, exposes him to a longer sentence in violation of the Ex Post Facto Clause of the Constitution.

**DISCUSSION**

A. <u>Procedural Grounds for Summary Dismissal</u>

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

B. <u>Challenge to Proposition 9 as Ex Post Facto Violation Not Ripe for Review</u>

On November 4, 2008, the California voters approved Proposition 9 (entitled Victims' Rights in Parole Proceedings), which amended California Penal Code section 3041.5. Petitioner claims that the implementation of Proposition 9 violates the Ex Post Facto Clause because it exposes him to a significant risk that his sentence will be lengthened.

In this case, Petitioner fails to demonstrate injury by the passage of Proposition 9. He claims the amendments will cause him to be deprived of good-time credits and work-time credits. Petitioner's claims are speculative and not ripe for review. The Supreme Court has stated that the basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." <u>Thomas v. Union Carbide Agricultural Products Co.</u>, 473 U.S. 568, 580 (1985). The court's role is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." <u>Thomas v. Anchorage Equal Rights Com'n</u>, 220 F.3d 1134, (9th Cir.2000). Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all. <u>Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n</u>, 461 U.S. 190, 200-01 (1983); <u>Dames & Moore v. Regan</u>, 453 U.S. 654, 689 (1981).

Good conduct credits are earned during a period of incarceration. For prisoners serving a

term of years-to-life-with-possibility-of-parole, good conduct credits are relevant to the determination of a prisoner's minimum eligible parole date, or "MEPD." Cal. Code Regs. §§ 2000(b)(3), (b)(67). Once a prisoner reaches his MEPD, as Petitioner has in this case, good conduct credits are not awarded until parole is actually granted by the parole board. See Cal.Code. Regs. tit. 15 §§ 2282-2289, 2403, 2410, 2411. Accordingly, in this case Petitioner has not yet been denied good conduct credits, and it is not known if he will, provided he is even granted parole. Since the claims are speculative and not ripe for review, the petition must be dismissed.

Petitioner also claims the passage of Proposition 9 has modified Cal. Penal Code §§ 3041(a)-(b) so as to render Petitioner's sentence a death sentence. This argument is without merit. Cal. Penal Code §§ 3041(a)-(b) have not been modified to change Petitioner's sentence to death. Petitioner remains eligible for parole pursuant to those statutes. Per § 3041(b), the Board of Prison Terms "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual." Even if parole is repeatedly denied ultimately resulting in a term of life in prison, provided those denials are constitutional, Petitioner cannot complain because life was the maximum sentence he was given. People v. Wingo, 14 Cal.3d 169 (1975) (In California, when a prisoner receives an indeterminate sentence, the "indeterminate sentence is in legal effect a sentence for the maximum term, subject only to the ameliorative power of the [parole authority] to set a lesser term." ); see also In re Dannenberg, 34 Cal.4th 1061 (2005).

Accordingly, the petition must be dismissed.

C.      Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a

district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

///

///

///

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

**Dated:   August 23, 2010**                    /s/ **Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE